Mr. Roger D. Shipman Executive Secretary Texas Board of Veterinary Medical Examiners 3810 Medical Parkway, Suite 119 Austin, Texas 78756
Re: Whether an individual who performs veterinary services for a governmental agency must be licensed under article 7465a, V.T.C.S.
Dear Mr. Shipman:
In your letter you ask the following question:
 Does article 7465a as it regards the definition of the practice of veterinary medicine in the state of Texas, together with the exceptions therein contained, require a Texas license of a veterinarian who receives compensation for his services from a government organization rather than directly from the public?
The Veterinary Licensing Act requires anyone who practices, offers or attempts to practice veterinary medicine to obtain a license from the Texas Board of Veterinary Medical Examiners. V.T.C.S. art. 7465a, § 4. Section 2(b) of the act defines the "Practice of Veterinary Medicine" as follows:
 (b) Any person shall be deemed in the `Practice of Veterinary Medicine' who represents himself as engaged in the practice of veterinary medicine; or uses any words, letters or titles in such connection or under such circumstances as to induce the belief that the person using them is engaged in the practice of veterinary medicine, or any person who performs a surgical or dental operation or who diagnoses, treats, immunizes or prescribes any drug, medicine, application or veterinary appliance for any physical ailment, injury, deformity or condition of domestic animals, for compensation.
V.T.C.S. art. 7465a, § 2(b).
In your letter you suggest that veterinarians who work for governmental bodies might not be engaged in the practice of medicine because they do not receive compensation directly from the public. The act simply states, however, that someone who renders certain services "for compensation" is engaged in the practice of veterinary medicine. The act places no limitation on the nature or source of the compensation; nor does it require that the party benefited be the party who compensates the veterinarian.
Also, section 3 of the act exempts from the act's licensing requirements persons who engage in specific types of conduct. V.T.C.S. art. 7465a, § 3. A veterinarian who works for governmental bodies is not among the exceptions. If the legislature had intended to exempt such veterinarians from the act, it could have done so, as it did in the Psychologists Certification and Licensing Act, which requires anyone who "offers psychological services . . . for compensation" to be licensed by the Texas State Board of Examiners of Psychologists but exempts any psychologist employed by a government agency from the requirement. V.T.C.S. art. 4512c, §§ 21, 22(a)(1). Furthermore, it is well established that exceptions to statutes may not ordinarily be implied. Brazos River Authority v. City of Graham, 354 S.W.2d 99, 109 (Tex. 1961).
We must conclude, therefore, that veterinarians employed by governmental agencies are not exempt from article 7465a simply because of the source of their compensation. We do note, however, that the act's license requirement applies only to veterinarians who practice, offer or attempt to practice veterinary medicine, as defined in section 2(b). Thus, a veterinarian employed by the state whose title or functions do not bring him within that definition would not be subject to the requirements of article 7465a. See also section 10(b) (discretionary waiver provision for veterinarians licensed out of state).
 SUMMARY
Veterinarians employed by governmental entities are not exempt from the licensing requirement of article 7465a, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General